**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 26-10042
Non-Argument Calendar
_____

PRAXEDIS RODRIGUEZ BARNACHE,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A099-917-546
_____

Before ROSENBAUM, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

In 2023, an Immigration Judge ("IJ") denied Praxedis Rodriguez Barnache's application for cancellation of removal, pursuant to 8 U.S.C. § 1229b, and ordered him removed. Barnache appealed

and moved for an extension of time to file his brief, but the Board of Immigration Appeals ("BIA") denied his request.  Barnache filed his brief after the deadline, along with a motion for the BIA to accept it, which the BIA denied.  On December 10, 2025, the BIA entered a final order affirming the IJ's decision without opinion.

Barnache now seeks review of the BIA's final order.  In his brief to us, Barnache argues that the BIA's refusal to grant him an extension of time to file a brief and accept his late-filed brief violated his due process rights because he was precluded from obtaining appellate review.

The government moves to dismiss Barnache's petition for review.  It asserts that we lack jurisdiction to review discretionary decisions concerning cancellation of removal, and that Barnache has not raised a constitutional claim or question of law so as to invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D).  In response, Barnache contends that he has raised a constitutional claim because his argument on appeal concerns the denial of due process resulting from the BIA's exercise of its regulatory authority, not whether the BIA denied discretionary relief.  In reply, the government argues that Barnache did not raise a colorable constitutional claim because he does not have a constitutionally protected interest in discretionary relief and his claim is an unreviewable abuse of discretion argument "couched in constitutional language."

Although we generally have jurisdiction to review final orders of the BIA, we lack jurisdiction to review the BIA's December 10 order because it concerns Barnache's application for cancellation

of removal.  *See Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005) (explaining that, under 8 U.S.C. § 1252(a)(1), we have jurisdiction to review final orders of removal); 8 U.S.C. § 1252(a)(2)(B)(i) (providing that courts of appeals lack jurisdiction to review judgments regarding relief granted pursuant to § 1229b); 8 U.S.C. § 1229b.  Nevertheless, under 8 U.S.C. § 1252(a)(2)(D), that jurisdictional bar does not limit our ability to review colorable constitutional claims or questions of law.  *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221-22 (11th Cir. 2006); *see Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (explaining that such challenges must be "at least . . . colorable," meaning they must have "some possible validity" (quotation marks omitted)).

Here, Barnache has not raised a colorable constitutional claim.  *See Arias*, 482 F.3d at 1284 & n.2.  Barnache's due process claim is meritless because he does not have a constitutionally protected interest in obtaining an extension of time to file a brief or having the BIA consider his late-filed brief, as those are forms of discretionary relief.  *See Zafar v. Att'y Gen.*, 461 F.3d 1357, 1367 (11th Cir. 2006) (providing that "there is no constitutionally protected right to discretionary relief"); *Alkotof v. Att'y Gen.*, 106 F.4th 1289, 1298 (11th Cir. 2024) ("[B]ecause Alkotof raises a constitutional argument in the context of discretionary forms of relief—the denial of a motion to remand and conclusion that he was not eligible for cancellation of removal—we do not have jurisdiction to review it.").

4                          Opinion of the Court                    26-10042

Therefore, the government's motion to dismiss is GRANTED.  The petition is DISMISSED for lack of jurisdiction.